UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

MOHAMMED HEDDAOUI

     Plaintiff,

v.                                Case No.: 22-cv-213

UNITED OF OMAHA LIFE
INSURANCE COMPANY

     Defendant.

## COMPLAINT

Plaintiff, Mohammed Heddaoui, by Hawks Quindel, S.C., for his complaint against the above-named Defendant, hereby states as follows:

### PARTIES

1. Plaintiff is an adult resident of the State of Wisconsin that currently resides in Oconto County.

2. Defendant, United of Omaha Life Insurance Company, is a corporation organized under the laws of the State of Nebraska and is licensed to do business in Wisconsin. Defendant's registered agent for service of process in the State of Wisconsin is The Prentice Hall Corporation System Inc. located at 8040 Excelsior Drive, Suite 400, Madison, Wisconsin 53717.

## JURISDICTION AND VENUE

3.  As described more fully below, this is an action by a participant in an employee welfare benefit plan governed by ERISA to recover benefits due under the terms of the Plan (defined below) pursuant to ERISA § 502(a)(1)(B).

4.  The Court has jurisdiction over this action pursuant to ERISA § 502(e) and (f) and 28 U.S.C. § 1331.

5.  Venue is proper in the Eastern District of Wisconsin pursuant to ERISA § 502(e)(2) and 28 U.S.C. § 1391(b), because Plaintiff resides in this district, a substantial part of the events and omissions giving rise to these claims occurred in this district, and because, in substantial part, the breaches asserted herein took place in this district.

6.  Plaintiff's administrative remedies have been exhausted as a condition precedent to filing this action.

## FACTS

7.  Plaintiff is a fifty-four-year-old man that last worked as a Machine Operator for Trilliant Foods ("Trilliant") on September 25, 2019.

8.  During the course of Plaintiff's employment with Trilliant, Plaintiff became eligible for certain employee benefits, including long-term disability insurance ("LTDI") benefits under Policy No. GLTD-0BJ92 issued by Defendant to Trilliant and provided to Plaintiff by an employer-provided welfare benefit plan ("hereinafter collectively referred to as the "Plan").

9. At all times since September 25, 2019, Plaintiff has been disabled in accordance with the terms of the Plan.

10. Plaintiff timely filed a claim for LTDI benefits with Defendant.

11. Defendant denied Plaintiff's initial LTDI benefits claim on October 29, 2020.

12. Plaintiff timely appealed Defendant's denial on April 23, 2021 (the "Appeal").

13. On July 20, 2021, Defendant denied Plaintiff's Appeal.

14. At all times relevant to this matter, Defendant was responsible for determining whether Plaintiff was eligible for LTDI benefits under the Plan.

15. At all times relevant to this matter, Defendant was responsible for paying Plaintiff's LTDI benefits under the Plan.

16. Plaintiff's Appeal submitted complete medical documentation in support of Plaintiff's disability to Defendant.

17. Plaintiff submitted all information requested by the Defendant with his Appeal.

18. Defendant failed to consider the issues raised in Plaintiff's Appeal.

19. Defendant ignored clear medical evidence of Plaintiff's medical conditions and disability as provided with his Appeal.

20. Defendant did not perform a "full and fair review" of Plaintiff's claim or Appeal.

21. Defendant failed to notify Plaintiff of the additional material necessary in order for Plaintiff to perfect Plaintiff's claim and an explanation of why that material was necessary.

22. Defendant failed to adequately explain why it rejected, or ignored, specific evidence in Plaintiff's file.

23. Defendant failed to engage in a meaningful dialogue with Plaintiff.

24. Defendant failed to adequately explain its reasons for denying Plaintiff benefits.

25. Defendant conducted a selective review of the information and documentation submitted by Plaintiff in support of his claim and Appeal.

26. Defendant failed to adequately assess Plaintiff's employability before determining that Plaintiff is not sufficiently disabled to qualify for benefits.

27. At all times relevant to this matter, Plaintiff has remained disabled as defined by the Plan.

28. At all times material to this case, the Plan has remained in full force and effect.

29. Defendant's denial of Plaintiff's claim for LTDI benefits caused Plaintiff to suffer the loss of benefits and to incur expenses.

## FIRST CAUSE OF ACTION:
## DENIAL OF BENEFITS IN VIOLATION OF
## SECTION 502(a)(1)(B) OF ERISA

30. The preceding paragraphs are reincorporated by reference as though set forth here in full.

31. Plaintiff has been and remains disabled, as that term is defined by the Plan.

32. Pursuant to *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989), the proper standard of review of Defendant's denial of Plaintiff's LTD claim is de novo.

33. Defendant wrongfully denied LTDI benefits due to Plaintiff.

34. Alternatively, if the arbitrary and capricious standard of review applies, then Defendant arbitrarily and capriciously denied Plaintiff benefits.

35. Defendant interpreted and applied the terms and conditions of the Plan in a manner that is inconsistent with the plain language contained therein.

36. Upon information and belief, Defendant inconsistently interpreted the terms and conditions of the Plan from one case to the next.

37. As both the payer of the claims and the adjudicator of claim eligibility, Defendant has an inherent conflict of interests.

38. Defendant failed to provide a full and fair review by failing to consider all information submitted by Plaintiff throughout Defendant's appeals process.

39. Defendant's denial of Plaintiff's LTDI benefits claim was "downright unreasonable."

40. For these and other reasons, Defendant wrongfully denied Plaintiff's claim for LTDI benefits and Plaintiff is entitled to said benefits pursuant to § 502(a)(1)(B) of ERISA.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendant for the following:

A. Payment of all retroactive LTDI benefits owed to Plaintiff under the terms and conditions of the Plan;

B. A declaration of Plaintiff's continued eligibility for all LTDI benefits under the Plan;

C. Prejudgment interest;

D. Reasonable attorneys' fees and costs related to the action; and

E. Such other and further relief that the Court deems just and equitable.

Dated this 21st day of February 2022.

**HAWKS QUINDEL, S.C.,**

By: *s/ Timothy P. Maynard*
Timothy P. Maynard, SBN 1080953
Gregory P. Stratz, SBN 1107925

222 East Erie Street, Suite 210
P.O. Box 442
Milwaukee, Wisconsin 53201
Telephone: 414-271-8650
Facsimile: 414-271-8442
Email: tmaynard@hq-law.com
gstratz@hq-law.com

Attorneys for Plaintiff